## Case No. 4,149.
### DUNHAM v. EARL et al.
[16 Leg. Int. 45.]
Circuit Court, D. Michigan. 1859.

A. M. Baker and Warner Wing, for complainant.

T. Romeyn, for Earl and the sheriff.

WILKINS, District Judge, ordered that an injunction issue in the case, according to the prayer of the bill.

The judge, in granting the order for injunction, conceded that the power of the company to pledge the franchise and property of the corporation implies, as an incident thereto, the power to pledge everything that may be necessary to the enjoyment of the franchise and road, and upon which its real value depends; and that it could not have been intended by the legislature merely to confer the power to pledge the naked track and franchise, which belonged to the corporation, without the right also to pledge such things as were incident and indispensable to its use and enjoyment, and without which it would be of no value. The corporation was authorized to pledge, not only the existing property of the road, but the corporate rights and franchises, and the railroad itself as an entire thing. The judge held, that to render such a pledge effectual, it was necessary it should embrace all such future acquisitions of the corporation as were proper accessories to the thing pledged, or essential to its enjoyment. Of what value would the railroad be without the cars on the road, or the fuel necessary to run them? The bonds of the company were redeemable in twenty years. New cars and engines and materials of all kinds would from time to time become necessary, and fuel would all the time have to be purchased as it was needed. The judge held, that these articles were included in the deed of mortgage, and as the business of the road could not be carried on without them, the power to pledge the road itself, with its profits and privileges, and the rights and franchises of the corporation, carried along with it the implied authority to pledge all such future acquisitions of the company as were necessary for the full and complete operation of the road itself. This view of the case is in accordance with the opinions of the supreme court of New York, the court of appeals of Kentucky, the supreme court of New Hampshire, the superior court of Cincinnati, and of Judge McLean. The opinion of Judge WILKINS was not put on the ground that the mortgage covered the wood as personal property simply, but that, though not attached to the freehold as a fixture, it was nevertheless a necessary element of the road, as indispensable to the use and enjoyment of the thing conveyed.